UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC T. DeCAVA, | : | |
| Plaintiff, | : | |
| vs. | : | No. 3:14cv1053(WIG) |
| CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration, | :<br><br>: | |
| Defendant. | : | |

-----------------------------------------------------------------X

ORDER GRANTING DEFENDANT'S CONSENT MOTION FOR ENTRY OF
JUDGMENT WITH REVERSAL AND REMAND [DOC. # 17]

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court to enter judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of this cause to the Commissioner for further action. Counsel for Defendant represents that he has contacted Plaintiff's counsel, Ivan M. Katz, Esq., who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative

proceedings.  Upon remand, the Social Security Administration Appeals Council will remand this case to an administrative law judge ("ALJ"), who will give Plaintiff the opportunity for a new hearing and to submit additional evidence.  The ALJ will reassess Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations.  The ALJ will, additionally, ensure that the residual functional capacity assessment includes limitations corresponding to Plaintiff's severe and non-severe impairments.  Further, the ALJ will evaluate Plaintiff's subjective complaints and provide rationale in accordance with 20 C.F.R. § 404.1529 and SSR 96-7p.  Finally, the ALJ will obtain vocational expert testimony to clarify the effect of the assessed limitations on Plaintiff's occupational base.

     Accordingly, the Court hereby GRANTS the Defendant's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 17].  Additionally, Plaintiff's Motion to Reverse/Remand [Doc. # 16] is GRANTED to the extent set forth in this Ruling.

     This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  *See* Fed. R. Civ. P. 73(b).  The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

     It is SO ORDERED, this   30th   day of January, 2015, at Bridgeport, Connecticut.

                                               /s/ *William I. Garfinkel*_____
                                                WILLIAM I. GARFINKEL
                                                United States Magistrate Judge